IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROBERT J. WARREN, SR.,

   Petitioner,

v.              Civil Action No. 3:12-cv-04414
                (Criminal No. 3:95-cr-00147-01)

UNITED STATES OF AMERICA

   Respondent.


**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document 637), and his Application to Proceed Without Prepayment of Fees and Costs (Document 639). By Standing Order (Document 641) entered on September 2, 2010, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

  On September 20, 2012, the Magistrate Judge submitted her Proposed Findings of Fact and Recommendations ("PF&R") (Document 643), wherein she recommended that the Court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, deny Petitioner's Application to Proceed Without Prepayment of Fees and Costs as moot, dismiss this civil action with prejudice and remove it from the Court's docket. (*Id.* at 3). On October 10, 2012, Petitioner timely filed his objections to the Magistrate Judge's PF&R (Document 644), which the Court has reviewed. After thorough review and

consideration, the Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Eifert's PF&R sets forth in detail Petitioner's previous and current motions. The Court now incorporates by reference those facts and procedural history. However, to provide context for the ruling herein, the Court provides the following summary.

On January 22, 1996, Petitioner, Robert J. Warren, Sr., pled guilty in the United States District Court for the Southern District of West Virginia to conspiracy to distribute and possess with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §846. (Documents 232 and 331). On May 20, 1996, he was sentenced to life imprisonment and is currently serving his term at the Federal Corrections Institute (FCI-Beckley) in Beaver, West Virginia. (Document 331).

On appeal, the Fourth Circuit Court of Appeals ("Fourth Circuit") affirmed Petitioner's conviction and sentence. *U.S. v. Ford,* 106 F.3d 392 (4th Cir.1997) (unpublished). On October 3, 1997, Petitioner filed his first § 2255 motion in the Southern District of West Virginia, claiming (1) ineffective assistance of counsel, and (2) that under *Apprendi*, the sentencing court's use of the preponderance of the evidence standard to determine the amount of drugs and that the Petitioner solicited a murder during the course of a conspiracy violated his Fifth and Sixth Amendment rights. *Warren v. U.S.*, No. 3:97-cv-956, 2001 WL 34607711, at * 3 (S.D.W.Va. Oct. 17, 2001). On October 17, 2001, the District Court denied that motion on the merits (*Id.* at 10-11). Petitioner, then, appealed the district court's decision to the Fourth Circuit Court of Appeals (Document 481). The Fourth Circuit "dismiss[ed] the appeal substantially on the reasoning of the district court" and

denied a certificate of appealability. *U.S. v. Warren*, 26 F. App'x 313, 314 (4th Cir.2002), (Document 496). On October 7, 2002, the United States Supreme Court denied certiorari. *Warren v. U.S.*, 537 U.S. 927 (2002).

Petitioner, twice, sought authorization to file a successive application for relief, pursuant to 28 U.S.C. § 2244, which the Fourth Circuit denied, on April 23, 2003, and again on July 20, 2004. (Document 518 and 524). He then filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) in the Southern District of West Virginia on December 24, 2008, and again on November 7, 2011. (Documents 609 and 621). The District Court denied the motions on May 15, 2009, and again on July 31, 2012. (Documents 617 and 634).

Petitioner filed the present § 2255 motion on August 16, 2012, without obtaining certification from the Fourth Circuit. (Document 637). He alleges four grounds in support of his motion: (1) actual innocence, (2) improper cross-reference, (3) lack of jurisdiction, and (4) ineffective assistance of counsel. (*Id.*) First, Petitioner contends that "[he] had nothing to do with the murder of Miki Ann Koontz." (*Id.* at 6). Second, Petitioner claims "[he] was never [i]ndicted, [a]rrested, [q]uestioned, nor charged for the cross-reference [of murder]". (*Id.* at 7). Third, He argues that he should not be subject to federal jurisdiction because James Christopher Pennington is under state jurisdiction and there is no "nexus between [them]." (*Id.* at 9). Fourth, Petitioner claims "[his] counsel let [him] plead to count one of the indictment and not letting [him] know that the government was intending to use a cross-reference during sentence." (*Id.* at 10).

On September 20, 2012, Magistrate Judge Eifert submitted her PF&R (Document 643). On October 10, 2012, Petitioner timely filed his objections (Document 644).

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

### A. Magistrate Judge's Findings

The Magistrate Judge found Petitioner's current § 2255 motion should be dismissed as successive because it is his "fourth attempt to seek collateral review of his criminal conviction or sentence" and because he has not obtained certification from the Fourth Circuit Court of Appeals. (Document 643 at 3). The Magistrate Judge properly stated the legal framework for post-conviction relief under 28 U.S.C. § 2255, and explained why the District Court lacks jurisdiction to hear Petitioner's current § 2255 motion. Under the statute, "a second or successive motion under § 2255 must be denied unless certified 'by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence…; or (2) a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *United States v. Poole*, 531 F.3d 263, 266 (4th Cir. 2008) (*quoting* 28 U.S.C. § 2255(h)). The Magistrate Judge noted that Petitioner's first § 2255 motion was denied on the merits by the district court and affirmed on appeal by the Fourth Circuit, and his two motions for authorization to file a successive § 2255 motion were likewise denied. (Document 643 at 2-3). Therefore, the Magistrate Judge recommended that Petitioner's motion be dismissed because he "fail[ed] to obtain certification from the Fourth Circuit to proceed with this successive § 2255 motion." (*Id.*). With regard to Petitioner's contention that the applicable one-year statute of limitations should not act as a bar to his motion, the Magistrate Judge found that the Court lacks jurisdiction to consider the issue of timeliness. (*Id.* at 3).

### B. Petitioner's Objections

The Court finds Petitioner's objections are without merit. Although he filed objections to the Magistrate Judge's PF&R, the objections were general, conclusory, and do not challenge any of the Magistrate's findings or direct the Court to a specific error in the Magistrate's PF&R. Therefore, this Court need not conduct a *de novo* review of the Petitioner's objections. See *Orpiano*, 687 F.2d at 47.

Petitioner has failed to set forth any argument that demonstrates he is, indeed, entitled to relief pursuant to Section 2255. (Document 644). He admits "[y]es I did not get certification from the Fourth Circuit." (*Id.* at 1). He also understands that new evidence would be necessary to revisit his conviction and sentence and that his motion was denied "on [p]rocedural [i]ssues." (*Id.*) Petitioner states: "[y]ou say that I need new evidence. I say how can there be new evidence, 'besides Mr. Pennington recanting his Perjure statement' when there is no old or any evidence against me at all." (*Id.*) Petitioner requests that the Court "address the merits of [his] claims

5

beyond the procedural issues." (*Id.* at 2). He also "ask[s] this Honorable Court to order those Agencies (sic) to send me all information 'notes, interviews, statements, etc'" that he was unable to obtain in a Freedom of Information Act request with the West Virginia State Police, Mingo County Sheriff Office, and Mingo County Prosecutors Office. (*Id.* at 1-2). Petitioner's Freedom of Information Act request does not pertain to the Magistrate Judge's PF&R. Furthermore, his objections are general and do not direct the court to a specific error in her findings. Therefore, the Court finds Petitioner's objections are without merit and should be overruled.

## CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 643), dismissing Petitioner's Section 2255 motion, be **ADOPTED** and that Petitioner's objections to the PF&R (Document 644) be **OVERRULED**. Furthermore, the Court **ORDERS** that Petitioner's Application to Proceed without Prepayment of Fees (Document 639) be **DENIED**, that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Document 637) be **DISMISSED**, and that this matter be **STRICKEN** from the docket of this Court.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not

satisfied in this instance. Accordingly, the Court **ORDERS** that a certificate of appealability be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record, and any unrepresented party.

ENTER: November 29, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA